UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARILYNN THOMASON,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY W. MOELLER (an individual in his personal capacity), DARREN B. SIMPSON (an individual in his personal capacity), JIM JONES (an individual in his personal capacity), ROGER S. BURDICK (an individual in his personal capacity), DANIEL T. EISMAN (an individual in his personal capacity), JOEL D. HORTON (an individual in his personal capacity), WARREN E. JONES (an individual in his personal capacity), KAREN L. LANSING (an individual in her personal capacity), DAVID W. GRATTON (an individual in his personal capacity), SERGIO A. GUTIERRAZ (an individual in his personal capacity), PITE DUNCAN, LLP (a California, USA Limited Liability Partnership) aka ALDRIDGE PITE, LLP (a Georgia, USA Limited Liability Partnership), aka ALDRIDGE CONNORS, LLP., aka BENEFICIAL FINANCIAL I INC), ELISA S. MAGUNSON (as an individual), PETER J. SALMON (as an individual), CASPER J. RANKIN, (as an individual), WILLIAM FORSBERG, JR. (as an individual), ESTATE OF COLLEEN FORSBERG, JR., MADISON REAL PROPERTY, LLC., | Case No. 4:16-cv-141-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

(as an Idaho USA Limited Liability Corporation), THOMAS LUTHY (as an individual), LAURA LUTHY (as an individual), ABUNDANT LAND HOLDINGS, LLC (as an Idaho USA Limited Liability Corporation), LANCE SCHUSTER (as an individual), BEARD ST. CLAIR GAFFNEY PA, (as an Idaho USA Partnership), JOHN K. BAGLEY (as an individual and a married man), LUELLA BAGLEY (as an individual and a married woman), TERRENCE BAGLEY (as an individual and a married man), ELIZABETH BAGLEY (a married woman and as an individual), BAGLEY ENTERPRISE (John Bagley, Luella Bagley, Elizabeth Bagley and Terrence Bagley dba in Idaho) RIVER BOTTOM, LLP (an Idaho Limited partnership), SHERRY ARNOLD (as an individual in her personal capacity), TROY EVANS (as an individual in his personal capacity), WASHINGTON FEDERAL SAVINGS (aka Washington Federal savings and Loan) (as a Washington State USA corporation), SUZANNE BAGLEY (as an individual in her personal capacity), LIBERTY PARK IRRIGATION, INC. (an Idaho USA Corporation), RIGBY ANDRUS RIGBY, CHTD (aka RIGBY ANDRUS MOELLER, CHTD (Chartered under Idaho, USA), DOES 1 THROUGH 20 INCLUSIVE,

    Defendants.

## INTRODUCTION

Pending before the Court is Plaintiff Marilynn Thomason's "Motion and

Objections," (Dkt. 84), which the Court will construe as a motion to reconsider. For the reasons explained below, the Court will deny this motion.

## BACKGROUND

In January of this year, the Court dismissed plaintiff's complaint in its entirety. *See Jan. 19, 2017 Mem. Decision & Order,* Dkt. 83. The Court allowed plaintiff a chance to amend some of her claims, but the dismissal order expressly informed plaintiff that if she failed to file an amended complaint within 30 days, her entire complaint would be dismissed with prejudice. *See Jan. 19, 2017 Order,* Dkt. 83, at 47.

Plaintiff did not file an amended complaint. Instead, she filed the pending motion, asking the Court to set aside the January 2017 decision in its entirety. Within this motion, plaintiff also asks the undersigned judge to recuse himself "based upon bias and errors in facts, errors in law and fabrication of facts within the MEMO [i.e., the January 2017 decision at Dkt. 83], under 28 USC 455(a) and (b)(1)." *Motion,* Dkt. 84, at 3.

## DISCUSSION

The Court will address each request in turn, beginning with the motion for reconsideration.

A.  **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, but a "district court has the inherent power to reconsider and modify its interlocutory orders prior to entry of judgment . . . ." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (internal quotations omitted). Nevertheless, reconsideration is "an

extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Kona Enters., Inc v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff has not satisfied this standard. Instead, her request for reconsideration mainly restates arguments addressed in the Court's earlier decision. The Court will not rehash those arguments here, as its earlier, 49-page opinion explains in detail why those arguments fail.

The Court also notes that at times, plaintiff does not necessarily restate arguments, but instead offers the classic *ipse dixit* argument: "The Court is wrong because I say it is wrong." For example, in taking issue with the Court's conclusion that plaintiff's complaint does not satisfy basic pleading standards, plaintiff makes the following assertion:

> The Complaint is not filled with legal conclusions or lack[] factual allegation, the complaint does not fail to state a claim, the complaint does not lack sufficient factual content to permit the court to reasonabl[y] infer that defendants are liable for any of the civil rights or RICO violation asserted, seeing there are no arguments, references and/or authorities cited in the MEMO to support its assertion and/or statement; . . .

*Motion Mem.*, Dkt. 84, at 43.

These sorts of arguments, which are repeated throughout the motion, are not persuasive. The Court has carefully reviewed its earlier decision, as well as the

arguments plaintiff puts forward in her pending motion. After having done so, the Court is not convinced that it should reconsider any portion of its earlier decision. Accordingly, the Court will deny the motion to reconsider.

**B.      Request for Recusal**

The Court will also deny plaintiff's motion to disqualify the undersigned judge. The Court begins with the proposition that, "in the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citations omitted). Without this general proposition in place, judges "could recuse [themselves] for any reason or no reason at all; [they] could pick and choose our cases, abandoning those that [they] find difficult, distasteful, inconvenient, or just plain boring." *Id.*

Given the judge's obligation to participate in and resolve cases to which they've been assigned, plaintiff shoulders the burden of demonstrating that recusal is required. Plaintiff invokes two separate subsections of 28 U.S.C. § 455 in her recusal motion: subsections (a) and (b)(1). *See Motion*, Dkt. 84, at 3. Subsection (a) sets forth a single, broad ground for disqualification: that judges recuse themselves in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b)(1) deals with "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . ." 28 U.S.C. § 455(b)(1).

Plaintiff has not satisfied either standard. Instead, it appears plaintiff believes the

judge is biased against her based solely on the content of the January 2017 Memorandum Decision. (Plaintiff refers to this decision as "the MEMO.") For example, plaintiff makes arguments such as this: "[T]he MEMO's intent is to fraudulent force [sic] plaintiff to amend the complaint stripping out the necessary facts to show cause, block refiling of the complaint by attempting to run the statutes of limitation so to further deny plaintiff equal protection and to have a fair and just opportunity to defendant plaintiff's actions against defendants, as evidenced by *Twombly ruling, . . . .*" *Motion Mem.*, Dkt. 84-1, at 16. Plaintiff repeats similar speculative statements throughout her motion. *See e.g., id.* at 17 ("The MEMO's deliberate illegal errors of facts, laws and acts are bias and prejudice to the plaintiff where plaintiff's complaint and filing . . . are fully sufficient to prevent the MEMO's errors in facts and law, which the court deliberately omitted and ignored in its compilation of all the MEMO's illegals errors of facts, laws and acts within the MEMO . . . .").

The Court is not persuaded by any of these arguments and will therefore deny the recusal motion.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's "Motion and Objections," which the Court has construed as a Motion for Reconsideration (Dkt. 84) is **DENIED.**

2. Plaintiff's request for recusal, made within the "Motion and Objections," (Dkt. 84) is also **DENIED.**

3. Plaintiffs' Complaint is dismissed, in its entirety, with prejudice. The Court will enter judgment separately.

4. Plaintiff's Motions for Sanctions (Dkts. 88, 89) are **DENIED AS MOOT.**

DATED: August 29, 2017

B. Lynn Winmill
Chief Judge
United States District Court