UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARILYNN THOMASON,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY W. MOELLER, et al.,<br><br>Defendants. | Case No. 4:16-cv-00141-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Plaintiff's Motion for Recusal (Dkt. 104) and Plaintiff's "Motions and Objections" (Dkt. 107). Also pending before the Court is Defendants' Motion for Attorneys' Fees (Dkt. 106). For the reasons stated below, the Court will deny the motions.

## BACKGROUND

Plaintiff filed her Complaint on April 5, 2016 alleging that Defendants engaged in a conspiracy to deprive her of equal protection and due process after judgment was entered against her in a series of state court lawsuits. In January of 2017, the Court dismissed plaintiff's complaint in its entirety. *See Jan. 19, 2017 Mem. Decision & Order*, Dkt. 83. The Court allowed plaintiff a chance to amend some of her claims, but stated that if Plaintiff failed to file an amended complaint within 30 days, her complaint would be dismissed with prejudice. *Id.* at 47.

Plaintiff did not file an amended complaint. Instead, she filed a motion asking the Court to set aside the January 2017 decision in its entirety. *See Motion*, Dkt. 84. Within that motion, Plaintiff also asked the undersigned judge to recuse himself "based upon bias and errors in facts, errors in law and fabrication of facts within the [the January 19, 2017 decision], under 28 USC 455(a) and (b)(1)." *Id.* at 3. The Court construed the motion as one for reconsideration, and denied it on the grounds that the Plaintiff had simply restated arguments addressed in its January 2017 decision. *See August 29, 2017 Mem. Decision and Order*, Dkt. 100. The Court also denied Plaintiff's motion to disqualify the undersigned judge on the grounds that Plaintiff failed to demonstrate that the standards governing recusal in 28 U.S.C. § 455(a) and (b)(1) had been met. *Id*.

After the Court entered judgment in the case, Plaintiff filed a second Motion for Recusal of the undersigned judge. (Dkt. 104). Defendants filed a motion for attorneys' fees on September 12, 2017. On September 25, 2017, Plaintiff filed "Motions and Objections," seeking to renew all motions filed during the proceedings in this case, objecting to Defendants' motion for fees, and seeking Rule 11 sanctions. (Dkt. 107).

## LEGAL STANDARD

1.  **Motion for Reconsideration**

Federal Rule of Civil Procedure 59 is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*

*v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah Cnty, Or.*, 5 F.3d at 1263. This Rule must be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief. *Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

**2.    Motion for Fees**

Pursuant to 42 U.S.C § 1988, a "prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Courts do not ordinarily award attorney's fees to prevailing defendants, since routine awards would have an overly deterrent effect on civil rights plaintiffs and would discourage the vigorous private enforcement of the civil rights laws. *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,* 434 U.S. 412, 422 (1978). However, "a district court may, in its discretion, award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 421. "These limitations apply with special force in actions initiated by uncounseled [litigants]." *Hughes,* 449 U.S. at 14. Attorney fees should be awarded against a pro se plaintiff only in rare cases *Id.*

Under 28 U.S.C. 1927, courts may impose sanctions upon an attorney or other person who "unreasonably and vexatiously" multiplies the proceedings in any case. 28 U.S.C. § 1927. "[S]ection 1927 sanctions must be supported by a finding of subjective bad faith." *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1528 (9th Cir.1990).

# ANALYSIS

## 1. Plaintiff's Motions

The Court will construe Plaintiff's "Motions and Objections" (Dkt. 107) as a motion to amend or alter judgment under Rule 59(e), or for relief from judgment under Rule 60(b).[1] Plaintiff's Motion alleges that the Court's previous decisions in this case have wrought "manifest injustice, through errors, fraudulent documents being enter [sic] court records, deliberately targeted to prejudice and deny equal protection and due process to Plaintiff." *See Motions and Objections* at 2, Dkt. 107. The bulk of Plaintiff's Motion consists of a recital of previous motions filed by Plaintiff in this Court, and Plaintiff's notice that she "re-submits, re-pleads and re-motions" those previous filings. *Id.* at 2-5. The remainder of Plaintiff's Motion consists of a notice to the Court that any additional motions for attorney's fees are time-barred. *Id.* at 5-6. Plaintiff's prayer for relief includes, among other demands, requests that the Court set aside its January 19, 2017 and August 29, 2017 decisions, deny Defendants' motion for fees, and impose Rule 11 Sanctions against defense counsel. *Id.* at 6-7.

Plaintiff's brief in support similarly restates motions previously filed by Plaintiff in this case. *See Pl.'s Br.* at 2-5 (seeking renewal of Plaintiff's previously filed motions

---

[1] Plaintiff filed her "Motions and Objections" pursuant to Federal Rules of Civil Procedure 50(a) and (b); 52(a)(5) and (b)(1) [sic]; 59(a)(1)(B), (a)(2), and (d); and 60(b)(6). Rules 50, 52, and 59(a) and (d) govern procedures available to parties after an action has gone to trial. This action was decided on the pleadings, thus did not proceed to trial. To the extent Plaintiff seeks to revisit or set aside this Court's judgment, a motion to alter or amend judgment under Rule 59(e), or for relief from final judgment under Rule 60(b) provides the appropriate vehicle for such actions.

for a jury trial; for service by the United States Marshals; for default judgment against certain defendants; for recusal of the undersigned; to strike a particular affidavit; for stipulated discovery, pre-trial, and trial dates; for reconsideration of the January 19, 2017 decision; and for sanctions). Plaintiff alleges no facts or legal arguments supporting the renewal of these motions. Rather, the next several pages of Plaintiff's brief serve as a response to Defendants' Motion for Fees. *Id.* at 5-9. Plaintiff then "reasserts each and every argument and claim made in each and every filings [sic] Plaintiff made within this action," and renews her arguments for recusal of the undersigned. *Id.* at 9-12.

A motion to alter or amend, or for relief from judgment may be granted only in limited circumstances. Plaintiff has failed to establish that any of those circumstances apply here. Instead, Plaintiff offers no more than conclusory statements that the Court's previous decisions are based on legal or factual error, or have wrought manifest injustice. Those are issues that should be raised on an appeal of the Court's decision, rather than in a Rule 59(e) or 60(b) motion. Thus, the Court will deny Plaintiff's motion to set aside its previous judgment.

Plaintiff also moves, for a second time, for the undersigned to recuse himself from this case. *See Motion for Recusal,* Dkt. 104. The Court previously considered and rejected Plaintiff's arguments in support of recusal in its August 29, 2017 decision, and finds her arguments here no more convincing. Plaintiff's personal belief that the undersigned judge is biased against her is insufficient to establish that recusal is

appropriate under 28 U.S.C.§ 455. For that reason, the Court will deny Plaintiff's Motion for recusal.

## 2. Defendants' Motion for Fees

The Court declines to award fees to Defendants or to impose sanctions on Plaintiff at this time. After finding that many of Plaintiff's claims were "patently frivolous or incapable of being cured by amendment," the Court acknowledged that some claims might be saved by amendment. *See Jan. 19, 2017 Order* at 45, Dkt. 83. Although Plaintiff failed to take the Court up on its decision permitting her to amend her complaint, the Court finds that Plaintiff's actions are not so egregious or abusive as to merit an award of attorney's fees against a pro se plaintiff under § 1988. *See Hughes*, 449 S.Ct. at 16 ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims."). Nor does the Court find that there is sufficient evidence to show that Plaintiff acted knowingly or recklessly to bring a frivolous claim, or file frivolous motions, such that sanctions are appropriate under § 1927. Thus, the Court will deny Defendant's motion.

Even if Plaintiff was not aware of the deficiencies in her claims at the outset of this litigation, however, the three separate orders issued by this Court are sufficient to put her on notice going forward that the claims she has asserted are entirely lacking in merit. Thus, should Plaintiff continue to file motions for this Court to reconsider its judgment in this matter, the Court will not hesitate to impose sanctions. Further, Defendants are

hereby instructed not to respond to additional motions filed by the Plaintiff in this Court, unless directed to do so by further order.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motions (Dkts. 104, 107) are **DENIED**.

2. Defendant's Motion for Fees (Dkt. 106) is **DENIED**.

DATED: March 9, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge